**HILL WALLACK LLP**
Suzanne M. Marasco, Esq. #030211989
21 Roszel Road
P.O. Box 5226
Princeton, New Jersey 08543
(609) 924-0808
*Attorneys for Defendants, Board of Education of the Franklin Township Public Schools;*
*John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige) & Orvyl*
*Wilson*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERRICA JAMES INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER S.C., <br><br> Plaintiff, <br><br> vs. <br><br> BOARD OF EDUCATION OF THE FRANKLIN TOWNSHIP PUBLIC SCHOOLS; JOHN RAVALLY; NICHOLAS SOLOMON; ROD BRUNDIGE; ORVYL WILSON; ANTHONY HOLLEY; MAKAI HOWARD, <br><br> Defendants. | Civil Action. No. 3:24-cv-10894-RK-JBD <br><br> **ANSWER, SEPARATE DEFENSES, JURY DEMAND, CROSS-CLAIMS, ANSWER TO CROSS-CLAIMS, CERTIFICATION** |

Defendants, Board of Education of the Franklin Township Public Schools; John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige); and Orvyl Wilson, (hereinafter collectively referred to as "the Franklin Defendants") by way of Answer to the Plaintiff's Verified Complaint and Jury Demand hereby says:

**JURISDICTION AND VENUE**

1. There are no allegations in this paragraph which require a response; however to the extent that allegations of wrongdoing are implied against the answering Defendants, the same are denied.

2. The allegations in this paragraph constitute assertions of law for which no reply is required.

3. The allegations in this paragraph constitute assertions of law for which no reply is required.

4. The allegations in this paragraph constitute assertions of law for which no reply is required.

## THE PARTIES

5. The allegations in this paragraph relate to other parties for which no reply is required.

6. Denied as characterized.

7. Denied and Plaintiffs are left to their proofs.

8. Denied and Plaintiffs are left to their proofs.

9. Denied and Plaintiffs are left to their proofs.

10. Denied and Plaintiffs are left to their proofs.

11. The allegations in this paragraph relate to other parties for which no reply is required.

12. The allegations in this paragraph relate to other parties for which no reply is required.

13. The allegations in this paragraph relate to other parties for which no reply is required.

## FACTUAL BACKGROUND

14. Upon information and belief, admitted.

15. Upon information and belief, admitted.

16. Denied and Plaintiffs are left to their proofs.

17. Denied as characterized and Plaintiffs are left to their proofs.

18. It is admitted that the Franklin Defendants have always expeditiously and thoroughly responded to any complaints of alleged bullying or alleged unlawful conduct.

19. Upon information and belief, it was learned that photos of S.C. and her boyfriend(s) were taken due to repeated public displays of affection during the school day and/or on school grounds.

20. The answering Defendants have no personal knowledge of these allegations to admit or deny the same. Therefore, Plaintiffs are left to their proofs.

21. Upon information and belief, an incident was reported to Defendant employee(s), however, the incidents were not witnessed.

22. Denied as characterized and Plaintiffs are left to their proofs.

23. There are no allegations in this paragraph which require a response; however to the extent that allegations of wrongdoing are implied against the answering Defendants, the same are denied. Moreover, Plaintiff's failure to report alleged unlawful conduct or bullying is contrary to District policy and procedure.

24. The allegations do not relate to the answering Defendants. As such, no reply is required.

25. Denied and Plaintiffs are left to their proofs.

26. Denied as characterized.

27. Denied and Plaintiffs are left to their proofs.

28. There are no allegations against the answering Defendants for which a reply is required.

29. Denied and Plaintiffs are left to their proofs.

30. Denied and Plaintiffs are left to their proofs.

4896-9729-7162, v. 1

31. It is admitted that Plaintiff was disciplined for violating the rules for detention. The remaining allegations are denied as characterized.

32. Denied and Plaintiffs are left to their proofs.

33. Denied as characterized and Plaintiffs are left to their proofs.

34. The allegations in this paragraph are too vague to permit a response. There are also no allegations against the Franklin Defendants to which a reply is required.

35. The allegations in this paragraph are too vague to permit a response. There are also no allegations against the Franklin Defendants to which a reply is required.

36. It is admitted Plaintiff made a report to the school district's administration.

37. There are no allegations against the answering Defendants for which a reply is required.

38. There are no allegations against the answering Defendants for which a reply is required. Moreover, the Franklin Defendants lack personal required knowledge to admit or deny the allegations and therefore leave Plaintiffs to their proofs.

39. There are no allegations against the answering Defendants for which a reply is required. Moreover, the Franklin Defendants lack personal required knowledge to admit or deny the allegations and therefore leave Plaintiffs to their proofs.

40. There are no allegations against the answering Defendants for which a reply is required. Moreover, the Franklin Defendants lack personal required knowledge to admit or deny the allegations and therefore leave Plaintiffs to their proofs.

41. Denied as characterized.

42. Denied and Plaintiffs are left to their proofs.

43. Denied and Plaintiffs are left to their proofs.

44. Denied and Plaintiffs are left to their proofs.

45. Denied and Plaintiffs are left to their proofs.

46. Not only is the allegation denied, but the same is knowingly false and defamatory.

47. Denied as characterized and Plaintiffs are left to their proofs.

48. Denied as characterized and Plaintiffs are left to their proofs.

49. Denied as characterized.

50. Denied as characterized.

51. Not only are the allegations denied, but the same are knowingly false. Had S.C. reported a "rape", police would be called as is the protocol for anyone who becomes aware of a crime. The allegation that S.C. was sent back to class after allegedly notifying her teacher of a rape is outrageous and false.

52. Denied and Plaintiffs are left to their proofs.

53. Denied and Plaintiffs are left to their proofs.

54. Denied and Plaintiffs are left to their proofs.

55. Denied and Plaintiffs are left to their proofs.

56. Denied and Plaintiffs are left to their proofs.

57. It is admitted Plaintiff received home instruction.

58. The Franklin Defendants deny wrongdoing and/or any responsibility for Plaintiffs' damages including education in a private school.

59. The Franklin Defendants lack personal knowledge of the allegations in this paragraph to admit or deny the same and therefore leave Plaintiffs to their proofs.

60. The Franklin Defendants lack personal knowledge of the allegations in this paragraph to admit or deny the same and therefore leave Plaintiffs to their proofs.

61. Denied and Plaintiffs are left to their proofs.

4896-9729-7162, v. 1

62. The Franklin Defendants deny wrongdoing and/or any responsibility for Plaintiffs' damages including education in a private school.

63. The Franklin Defendants deny wrongdoing and/or any responsibility for Plaintiffs' damages including education in a private school.

64. The Franklin Defendants deny wrongdoing and/or any responsibility for Plaintiffs' damages including education in a private school.

## COUNT ONE (TITLE IX AGAINST THE BOARD)

65. The Franklin Defendants repeat and reallege all answers, objections and defenses set forth above as if the same were more fully set forth at length herein.

66. The allegations in this paragraph constitute conclusions of law for which no reply is required.

67. Denied and Plaintiffs are left to their proofs.

68. Denied and Plaintiffs are left to their proofs.

69. Denied and Plaintiffs are left to their proofs.

70. The allegations in this paragraph are outrageous, false and denied.

71. Denied and Plaintiffs are left to their proofs.

72. Denied and Plaintiffs are left to their proofs.

73. The allegations in this paragraph are outrageous, false and denied.

74. Denied and Plaintiffs are left to their proofs.

**WHEREFORE,** the Franklin Defendants demand judgment dismissing the Plaintiffs' Complaint with prejudice, with costs and interest and other relief the court deems equitable and just.

4896-9729-7162, v. 1

# COUNT TWO (LAW AGAINST AGE DISCRIMINATION)

75. The Franklin Defendants repeat and reallege all answers, objections and defenses set forth above as if the same were more fully set forth at length herein.

76. The allegations in this paragraph constitute conclusions of law for which no reply is required.

77. Denied and Plaintiffs are left to their proofs.

78. Denied and Plaintiffs are left to their proofs.

79. The allegations in this paragraph are outrageous, false and denied.

80. Denied and Plaintiffs are left to their proofs.

81. Denied and Plaintiffs are left to their proofs.

82. Denied and Plaintiffs are left to their proofs.

83. Denied and Plaintiffs are left to their proofs.

84. Denied and Plaintiffs are left to their proofs.

**WHEREFORE,** the Franklin Defendants demand judgment dismissing the Plaintiffs' Complaint with prejudice, with costs and interest and other relief the court deems equitable and just.

## COUNT THREE (NEGLIGENCE CLAIMS AGAINST BOARD DEFENDANTS)

85. The Franklin Defendants repeat and reallege all answers, objections and defenses set forth above as if the same were more fully set forth at length herein.

86. The allegations in this paragraph constitute conclusions of law for which no reply is required.

87. The allegations in this paragraph constitute conclusions of law for which no reply is required.

4896-9729-7162, v. 1

88. The allegations in this paragraph constitute conclusions of law for which no reply is required.

89. Denied and Plaintiffs are left to their proofs.

90. Denied and Plaintiffs are left to their proofs.

91. Denied and Plaintiffs are left to their proofs.

**WHEREFORE,** the Franklin Defendants demand judgment dismissing the Plaintiffs' Complaint with prejudice, with costs and interest and other relief the court deems equitable and just.

## COUNT FOUR (STATE CREATED DANGER UNDER 42 U.S.C. § 1983)

92. Defendant repeats and realleges all answers, objections and defenses set forth above as if the same were more fully set forth at length herein.

93. Denied and Plaintiffs are left to their proofs.

94. Denied and Plaintiffs are left to their proofs.

95. Denied and Plaintiffs are left to their proofs.

96. Denied and Plaintiffs are left to their proofs.

97. The allegations in this paragraph are outrageous, false and denied.

98. Plaintiffs' false claims against the Franklin Defendants shock the conscience.

99. Denied and Plaintiffs are left to their proofs.

100. Denied and Plaintiffs are left to their proofs.

101. Denied and Plaintiffs are left to their proofs.

102. Denied and Plaintiffs are left to their proofs.

**WHEREFORE,** the Franklin Defendants demand judgment dismissing the Plaintiffs' Complaint with prejudice, with costs and interest and other relief the court deems equitable and just.

## COUNT FIVE (BATTERY)

103. The Franklin Defendants repeat and reallege all answers, objections and defenses set forth above as if the same were more fully set forth at length herein.

104. The answering Defendants have no knowledge of the sexual interaction between Holley and S.C. Moreover, the allegations in this paragraph relate to other parties for which no reply is required.

105. The answering Defendants have no knowledge of the sexual interaction between Holley and S.C. Moreover, the allegations in this paragraph relate to other parties for which no reply is required.

106. The answering Defendants have no knowledge of the sexual interaction between Holley and S.C. Moreover, the allegations in this paragraph relate to other parties for which no reply is required.

107. The answering Defendants have no knowledge of the sexual interaction between Holley and S.C. Moreover, the allegations in this paragraph relate to other parties for which no reply is required.

**WHEREFORE,** the Franklin Defendants demand judgment dismissing the Plaintiffs' Complaint with prejudice, with costs and interest and other relief the court deems equitable and just.

## COUNT SIX (CLAIM OF JAMES FOR TORT AGAINST MINOR CHILD)

108. The Franklin Defendants repeat and reallege all answers, objections and defenses set forth above as if the same were more fully set forth at length herein.

109. The allegations in this paragraph relate to other parties for which no reply is required.

4896-9729-7162, v. 1

110. The allegations in this paragraph relate to other parties for which no reply is required.

**WHEREFORE,** the Franklin Defendants demand judgment dismissing the Plaintiffs' Complaint with prejudice, with costs and interest and other relief the court deems equitable and just.

### COUNT SEVEN (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

111. The Franklin Defendants repeat and reallege all answers, objections and defenses set forth above as if the same were more fully set forth at length herein.

112. The allegations in this paragraph relate to other parties for which no reply is required.

113. The allegations in this paragraph relate to other parties for which no reply is required.

114. The allegations in this paragraph relate to other parties for which no reply is required.

**WHEREFORE,** the Franklin Defendants demand judgment dismissing the Plaintiffs' Complaint with prejudice, with costs and interest and other relief the court deems equitable and just.

### CROSSCLAIMS

Defendants Board of Education of the Franklin Township Public Schools; John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige); and Orvyl Wilson, say:

### FIRST COUNT

While denying any liability whatsoever, Defendants Board of Education of the Franklin Township Public Schools; John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige); and Orvyl Wilson, by way of Crossclaim against Anthony Holley and Makai

Howard, pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53, et seq., for the proportionate share of any sums that might be adjudged against these Defendants in favor of the Plaintiffs.

WHEREFORE, Defendants Board of Education of the Franklin Township Public Schools; John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige); and Orvyl Wilson demand judgment against all Co-Defendants for any and all sums which may be recovered against them by the Plaintiffs.

## SECOND COUNT

While denying any liability to the Plaintiffs for the incident, damages and injuries alleged, if Defendants Board of Education of the Franklin Township Public Schools; John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige); and Orvyl Wilson are deemed liable by reason of the negligence as alleged, Defendants Board of Education of the Franklin Township Public Schools; John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige); and Orvyl Wilson then assert that negligence was either constructive, imputed or vicarious and that the incident, damages and injuries of the Plaintiffs arose out of and were caused by the direct and primary negligence of the Co-Defendants, Anthony Holley and Makai Howard.

WHEREFORE, Defendants Board of Education of the Franklin Township Public Schools; John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige); and Orvyl Wilson demand judgment against all Co-Defendants for any and all sums which may be recovered against them by the Plaintiffs.

## AFFIRMATIVE DEFENSES

1. The public entity Defendants are immune from liability pursuant to the New Jersey Tort Claims Act.

4896-9729-7162, v. 1

2. Any damages which the Plaintiffs may be entitled to recover must be reduced in accordance with the statutory provisions set forth at N.J.S.A. 59:9-1 through 9-7.

3. This action is barred by the statute of limitations.

4. The Complaint fails to state a claim upon which relief may be granted.

5. The Franklin Defendants engaged in no harassment or discrimination of the Plaintiffs.

6. The actions of the answering Defendants did not lead to a severe and/or pervasive hostile school environment.

7. Defendant Board of Education of the Franklin Township Public Schools has effective anti-harassment and HIB policies and complaint procedures which were enforced at all relevant times.

8. The alleged incidents complained of resulted from circumstances and conditions beyond the control of the answering Defendants.

9. Plaintiffs have no ascertainable or compensable damages.

10. The answering Defendants did not violate the statutes or other causes of action pled in Plaintiff's Complaint.

11. At all times relevant to this action, the answering Defendants acted reasonably and in good faith.

12. The answering Defendants were not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by Plaintiff.

13. The answering Defendants performed each and every duty, owed to Plaintiff.

14. Plaintiffs failed to take reasonable and necessary measures to mitigate damages.

15. The answering Defendants are entitled to qualified immunity.

4896-9729-7162, v. 1

16. The circumstances of which Plaintiffs complained are not actionable.

17. The New Jersey Anti-Bullying Act does not create tort liability nor provide for civil remedies or a cause of action for damages.

18. The answering Defendants complied with the New Jersey Anti-Bullying Act and New Jersey Law Against Discrimination.

19. Plaintiffs' remedies are administrative in nature.

20. Plaintiffs' damages are caused by the conduct of parties over whom the answering Defendants exercised no control and for whose actions the answering Defendants are not responsible.

21. Plaintiffs have failed to exhaust administrative remedies.

22. At all times relevant hereto, the answering Defendants complied with all federal, state and local statutes, regulations and/or ordinances in effect.

23. The answering Defendants have adopted anti-discrimination policies, made good faith efforts to enforce these policies, and made good faith efforts to investigate and remedy any and all complaints raised.

24. Each and every action taken by the answering Defendants was for legitimate, non-discriminatory reasons.

25. Plaintiffs are not entitled to punitive damages because the allegations fail to rise to the level required to sustain an award of punitive damages; do not evidence a malicious or reckless intent to deny Plaintiffs their rights; and/or do not stem from wanton or willful actions by any Defendant.

26. The Complaint is barred, in whole or in part, by the equitable doctrines of waiver, collateral estoppel, res judication, equitable estoppel, unclean hands, and/or laches.

27. Plaintiffs seek equitable relief beyond the jurisdiction of this Court.

28. If Plaintiffs were to recover in this action, they would be unjustly enriched.

29. Plaintiff engaged in conduct or behavior which caused or contributed to her alleged damages.

30. Plaintiff engaged in behavior or conduct which constituted consent to certain interactions of which she now complains.

31. The answering Defendants breached no legal duty proximately owed to the Plaintiff and, therefore, are blameless.

32. The answering Defendants reserve the right to interpose such other defenses and objections as a continuing investigation may disclose.

33. Plaintiffs have not sustained any permanent loss of bodily function that is substantial.

34. The individual Defendants are all entitled to qualified immunity.

35. No policy, practice or custom of the entity Defendants was a proximate cause of any damages alleged by the Plaintiffs.

36. There is no causal connection between the actions or inactions of the answering Defendants and the alleged deprivation of rights, privileges or immunities complained of by the Plaintiffs.

37. Plaintiffs failed to pursue all legal remedies available under the criminal code; and thus the loss of evidence was occasioned by Plaintiffs' own conduct.

38. Plaintiffs failed to comply with district policies, procedures and code of conduct.

39. The answering Defendants are immune pursuant to N.J.S.A. 18A:37-16(c).

40. The Complaint fails to state a cause of action under N.J.S.A. 18A:37-18.

## DEMAND FOR TRIAL BY JURY

Defendants, Board of Education of the Franklin Township Public Schools; John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige); and Orvyl Wilson, hereby demand a trial by jury as to all issues.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Defendants Board of Education of the Franklin Township Public Schools; John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige); and Orvyl Wilson hereby certify that the matter in controversy is not the subject of any other action pending in any Court, or of a pending arbitration proceeding and no other action or arbitration proceeding is contemplated. To the best of the answering Defendants' knowledge, there are no other parties who should be joined in this action.

          **HILL WALLACK LLP**
          Attorneys for Defendants Board of Education of the Franklin Township Public Schools; John Ravally; Nicholas Solomon; Rod Brundidge (incorrectly pled as Rod Brundige); and Orvyl Wilson

          By: */s/Suzanne M. Marasco*
          ———————————————————
          Suzanne M. Marasco, Esq.

Dated: December 27, 2024

4896-9729-7162, v. 1