**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON DIVISION)**

| | |
|---|---|
| ERRICA JAMES INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER S.C., <br><br> Plaintiff, <br><br> vs. <br><br> BOARD OF EDUCATION OF THE FRANKLIN TOWNSHIP PUBLIC SCHOOLS et al., <br><br> Defendants. | CASE NO.: 3:24-cv-10894-RK-JBD <br><br> Civil Action <br><br> **JOINT DISCOVERY PLAN FOR INITIAL SCHEDULING CONFERENCE ON FEBRUARY 11, 2025** |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   **Plaintiff, on behalf of herself and her minor daughter S.C., alleges that S.C. was harassed, intimidated, and bullied (hereinafter referred to "HIB incidents") when she transferred to Franklin Township High School. Plaintiff also claims that S.C. was raped on school grounds on March 14, 2024. As a result, Plaintiff first filed a Tort Claims Notice ("TCN") with the New Jersey Treasury on May 9, 2024 and then filed a Complaint on December 5, 2024. The complaint contains seven counts against eight parties: 1) Franklin Township Board of Education; 2) John Ravally, the Superintendent of Franklin Township School District; 3) Nicholas Solomon, the Principal of Franklin High School; 4) Rod Brundidge, the Vice Principal of Franklin High School; 5) Orvyl Wilson, the Director of School Management and Student Advocacy for Franklin School District; 6) Anthony Holley, the alleged rapist; 7) Makai Howard, a fellow student who allegedly harassed and bullied S.C.; and 8) John and Jane Does. The Franklin Township Board of Education, John Ravally, Nicholas Solomon, Rod Brundidge, and Orvyl Wilson (hereafter referred to as the "School Defendants") are represented by the law firm of Hill Wallack LLP. Plaintiff has not yet served Anthony Holley or Makai Howard.**

   **S.C. began attending Franklin High School at the beginning of her 9th grade year for the 2022-2023 school year. Plaintiff alleges that several HIB incidents occurred shortly after S.C. began at Franklin High School until she left in March after her alleged rape. Moreover, Plaintiff claims that the School Defendants did nothing to prevent the HIB behavior and helped contribute towards it. As a result, Plaintiff**

**asserts the following causes of action: 1) Title IX against the School Defendants; 2) New Jersey Law Against Discrimination against the School Defendants; 3) Negligence claims against the School Defendants; 4) State-Created Danger under 42 U.S.C. § 1983; 5) Battery against Holley; 6) Claim of James for Tort against Holley; and 7) Intentional Infliction of Emotional Distress against Howard. Plaintiffs claim that S.C. suffered physical and emotional harm and was forced to transfer to a private school. Plaintiffs are seeking to recoup the costs of having to send S.C. to a private school, damages for emotional distress and $10,000,000 in compensatory damages. The Complaint also demands punitive damages.**

**In response, the School Defendants dispute Plaintiffs' claims and assert all the defenses allowed by the Tort Claims Act under N.J.S.A. 59:1-1, et seq. and Title IX claims. The School Defendants did not have knowledge of the alleged HIB incidents and/or denies Plaintiffs' characterization of the same. There is also an issue of when and where the alleged incidents occurred and whether the School Defendants can be liable for the alleged criminal conduct of others. Finally, the School Defendants followed the District's policies and procedures by promptly investigating the matters brought to their attention and executed appropriate consequences**

**Regarding the State-Created Danger claims, the School Defendants will argue that Plaintiff does not meet the four necessary elements for the exception to the general rule that the Due Process Clause imposes no duty on states to protect their citizens from private harm.**

2.     Have settlement discussions taken place? Yes _____ No **X**

    If so, when? **N/A**

    (a)     What was plaintiff's last demand?

        **(1)     Monetary demand: $10,000,00 plus damages that continue to accrue as well as attorney fees and costs.**
        **(2)     Non-monetary demand:** _____

    (b)     What was defendant's last offer?

        **(1)     Monetary offer:    $ 0**_____
        **(2)     Non-monetary offer:** _____

2.  The parties have exchanged the information required by <u>Fed. R. Civ. P.</u> 26(a)(1).

    **The parties have discussed the discovery issues in this matter. The School Defendants' initial disclosure will be limited in content due to information protected by the Family Educational Rights and Privacy Act ("FERPA"). The parties will need to address this issue before the court, as the School Defendants are unable to give full and unredacted information and/or documents at this time**.

4.  Describe any discovery conducted other than the above disclosures.

    **None.**

5.  Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

    **Motion to Compel the Franklin Township Board of Education to disclose the addresses of Anthony Holley and Makai Howard due to FERPA issue.**

6.  The parties propose the following:

    **(a)**   Discovery is needed on the following subjects:

    **Further discovery is necessary.**

    **(b)**   Should discovery be conducted in phases? If so, explain.

    **Yes, discovery should be conducted in phases such that the depositions occur after the interrogatories are answered and the parties have sufficient time to evaluate the case.**

    **(c)**   Number of Interrogatories by each party to each other party:

    **Up to 25 (including all discrete subparts).**

    **(d)**   Number of Depositions to be taken by each party: **Up to 10, depending on the parties' answers to discovery.**

    **(e)**   Plaintiff's expert report due on: **the parties reserve this for later pending the outcome of discovery and the outcome of the motion to amend or add parties.**

    **(f)**   Defendant's expert report due on **February 28, 2025**.

    **(g)**   Motions to Amend or to Add Parties to be filed by **July 31, 2025.**

    **(h)**   Dispositive motions to be served within **60** days of completion of discovery.

**(i)**     Factual discovery to be completed by **December 31, 2025.**

**(j)**     Expert discovery to be completed by **March 31, 2026.**

**(k)**     Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:  **The parties have signed and submitted a confidentiality order. However, because Anthony Holley and Makai Howard have not yet been served and entered their appearance, the confidential order will need to be resubmitted once these Defendants enter their appearances in order for the School Defendants to release information and discovery protected by HIPAA or FERPA to them.**

**(l)**     Trial **by jury**

**(m)**     Trial date: _____

7. Do you anticipate any discovery problem(s)? If so, explain. **The parties currently have a discovery issue involving the exchange of information and documents that are subject to FERPA. Thus far, neither Holley nor Howard have been served, and are therefore, not parties to the confidentiality order.  Moreover, there will be documents that discuss other school children that will need to be exchanged.**

**Also, Plaintiff will intend to pursue information on other complaints against the Franklin Township Board of Education regarding sexual harassment and rape, to which the School Defendants object.**

8. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? If so, explain.  **See answer to No. 7.**

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.). **Not at this time.**

10. Is this case appropriate for bifurcation? **No.**

11. We **do not** consent to the trial being conducted by a Magistrate Judge.

                        Avram Frisch, Esq.
                        Law Office
                        *Avram Frisch*
                        Attorney for Plaintiffs

                        Hill Wallack LLP
                        Suzanne Marasco, Esq.
                        *Suzanne M. Marasco*
                        Attorneys for Defendants Franklin Township Board of Education, John Ravally, Nicholas Solomon, Rod Brundidge, and Orvyl Wilson