CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

2025 MAY -6  P 3: 39

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERRICA JAMES INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER S.C., <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF EDUCATION OF THE FRANKLIN TOWNSHIP PUBLIC SCHOOLS; JOHN RAVALLY; NICHOLAS SOLOMON; ROD BRUNDIGE; ORVYL WILSON; ANTHONY HOLLY; MAKAI HOWARD; John Does 1-50; Jane Does 1-50, <br><br> Defendants | CASE NO.: 3:24-cv-10894-RK-JBD <br><br> Civil Action  |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MAKI HOWARD TO COUNT SEVEN OF THE COMPLAINT

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant **Maki Howard**, appearing **pro se**, respectfully submits the following Answer and Affirmative Defenses in response to **Count Seven (Intentional Infliction of Emotional Distress)** of the Complaint filed by Plaintiff.

I, Maki Howard deny any and all allegations in the Complaint that are directed towards me. Maki Howard

### FIRST AFFIRMATIVE DEFENSE

### Minor Status at Time of Alleged Conduct

Defendant was a minor at the time of the alleged conduct. As such, he lacked the legal and developmental capacity to fully understand or form the requisite intent to commit the tort of intentional infliction of emotional distress.

## SECOND AFFIRMATIVE DEFENSE

### Lack of Intent to Harm

Defendant did not act with intent to harass, abuse, or cause emotional distress to the Plaintiff or her minor daughter. The element of specific intent required to support a claim of intentional infliction of emotional distress is not present.

## THIRD AFFIRMATIVE DEFENSE

### Developmental and Cognitive Immaturity

Due to Defendant's young age and ongoing psychological development at the time, any alleged behavior must be assessed in context of adolescent judgment and emotional immaturity, which precludes the legal standard of willful and wanton misconduct.

## FOURTH AFFIRMATIVE DEFENSE

### Failure to State a Claim Upon Which Relief Can Be Granted

Plaintiff fails to allege facts that meet the legal threshold for extreme and outrageous conduct under New Jersey law necessary to support a claim for intentional infliction of emotional distress.

## FIFTH AFFIRMATIVE DEFENSE

**No Proximate Cause or Actual Injury**

Plaintiff has not demonstrated that Defendant's alleged conduct was the actual or proximate cause of any emotional injury suffered by S.C. Nor has Plaintiff provided sufficient factual allegations showing substantial or medically documented harm.

## SIXTH AFFIRMATIVE DEFENSE

**Comparative Fault and Actions of Others**

To the extent that third parties or other individuals, platforms, or school officials contributed to the alleged events, Defendant asserts that he should not bear sole or primary responsibility and reserves the right to assert comparative fault based on discovery.

## SEVENTH AFFIRMATIVE DEFENSE

**Lack of Damages**

Plaintiff has not alleged sufficient facts showing that S.C. sustained actual, compensable damages resulting from Defendant's alleged conduct.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend, supplement, or withdraw any defense based on future evidence, discovery, or legal developments.

**Respectfully submitted,**

Dated: May 6, 2025

**Maki Howard** *Malki Howard*

Pro Se Defendant

287 Nichol Ave.

New Brunswick, NJ 08901

201-687-8792

joriemonroe@yahoo.com