UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERRICA JAMES, *individually and on behalf of her minor daughter, S.C.,* | Civ. No. 24-10894 (RK)(JBD) |
| Plaintiff, | **ORDER** |
| v. | |
| BOARD OF EDUCATION OF THE FRANKLIN TOWNSHIP PUBLIC SCHOOLS, *et al.*, | |
| Defendants. | |

This matter comes before the Court by way of *pro se* defendant Makai Howard's ("Howard") application to proceed *in forma pauperis*, [Dkt. 29], and motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1), [Dkt. 30]. Having reviewed defendant's application, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Howard's application is therefore granted. Additionally, and for the reasons set forth below, the Court will appoint *pro bono* counsel to represent Howard.[1]

## I.    BACKGROUND

On December 4, 2024, plaintiff Errica James filed a complaint individually and on behalf of her minor daughter, S.C, against the Board of Education of the Franklin Township Public Schools, John Ravally, Nicholas Solomon, Rod Brundige, Orvyl Wilson, Anthony Holley, Howard, and several John and Jane Does. [Dkt. 1.]

---

[1]    The Court has reviewed and considered Howard's motion without oral argument pursuant to Rule 78 and Local Civil Rule 78.1.

Plaintiff brings several tort claims and asserts causes of action under 42 U.S.C. § 1983, Title IX of the Civil Rights Act, 20 U.S.C. § 1681 and 28 U.S.C. § 1343, and the New Jersey Law Against Discrimination, arising out of the alleged sexual assault, sexual harassment, and bullying of S.C. at Franklin High School. *Id.* Regarding Howard specifically, the complaint alleges that he "harass[ed] and bull[ied] S.C. via Instagram messages including sending sexually explicit videos of himself masturbating." *Id.* ¶¶ 12, 60, 112-114.

At the time the alleged incident took place and when the complaint was filed, Howard was a minor. *See* [Dkt. 29] at 5. Howard has since turned 18 and has been proceeded, thus far, *pro se. Id.* On June 12, 2025, Howard and his mother appeared before the Court, along with counsel for the other parties, for a telephone status conference. [Dkt. 26.] During the conference, the Court encouraged Howard, in light of the gravity of the claims asserted against him, to seek counsel to represent him in this case. The Court subsequently entered an Order giving Howard an opportunity retain counsel or, alternatively, to file an application to proceed *in forma pauperis* and a motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1), by July 28, 2025. [Dkt. 27.] The Court also adjourned all pretrial scheduling deadlines and other proceedings. *Id.*

On July 23, 2025, Howard submitted an application to proceed *in forma pauperis* and a motion for the appointment of *pro bono* counsel. [Dkts. 29, 30.] Howard requests the appointment of counsel because he has "[n]o income" as a recently graduated high school student and cannot afford counsel. [Dkt. 30.]

## II.    DISCUSSION

While there is no constitutional right to counsel for civil litigants, 28 U.S.C. § 1915(e)(1) permits the Court to "request an attorney to represent any person unable to afford counsel."  In determining whether to appoint counsel, the Court must consider, as a threshold matter, whether plaintiff's underlying claims against a defendant have arguable merit in fact and law.  *Pinto v. Gavilanez*, Civ. No. 16-5201 (JAD), 2017 WL 1051187, at *1 (D.N.J. Mar. 20, 2017) (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)).  If the Court determines that there is some merit, then it must consider a number of additional, non-exhaustive factors (the "*Tabron* factors"), including:  (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues at stake; (3) the degree to which factual investigation is required and the applicant's ability to pursue that factual investigation, and whether the claims will require extensive discovery and compliance with complex discovery rules; (4) whether the case will rely heavily on testimony and thus turn on credibility determinations; (5) whether the case requires expert witness testimony; and (6) whether the applicant can retain and afford counsel.  *Tabron*, 6 F.3d at 155-56; *Parham v. Johnson*, 126 F.3d 454, 457-58 (3d Cir. 1997).

The Court finds that the administration of justice and fairness to the litigants requires the appointment of *pro bono* counsel for Howard.  As an initial matter, the allegations against Howard in this case—sexual harassment and bullying—are serious and will likely require extensive discovery and implicate

credibility determinations.  Moreover, Howard is 18 years old and only recently graduated from high school, and it appears that he has been relying on his mother for assistance with this case.  *See* [Dkts. 15, 26.]  While Howard "may have a rudimentary understanding of h[is] rights," it is clear that he "lacks the legal training to effectively defend h[is] case in federal court in accordance with the Federal Rules of Civil Procedure and other applicable law."  *Pinto*, 2017 WL 1051187, at *2.  As such, the Court is not convinced that Howard can adequately defend himself without the assistance of counsel.  In addition, Howard asserts that he met with several attorneys but could not afford them due to his lack of income.  [Dkt. 30.]  Accordingly, after careful consideration of the *Tabron* factors and the circumstances presented here, the Court exercises its discretion to appoint *pro bono* counsel for Howard in this matter.

## III.    CONCLUSION

For the reasons stated,

**IT IS** on this **29th** day of **August, 2025**, hereby

**ORDERED** that Howard's application to proceed *in forma pauperis* [Dkt. 29] is GRANTED; and it is further

**ORDERED** that Howard's motion for the appointment of *pro bono* counsel [Dkt. 30] is GRANTED; and it is further

**ORDERED** that the Clerk shall appoint an attorney from the Civil *Pro Bono* Panel pursuant to Appendix H of the Local Civil Rules; and it is further

**ORDERED** that upon entry of appointed counsel's appearance, all counsel shall meet and confer and, no later than **October 10, 2025**, file a joint letter via CM/ECF, not to exceed three (3) pages, that sets forth a proposed pretrial schedule through dispositive motion practice.  The Court will hold a telephone status conference on **October 14, 2025** at **2:30 p.m.**; dial-in information will be provided to counsel.

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this Order to Howard at the address on file.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE