UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERRICA JAMES INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER S.C., <br><br> Plaintiff, <br><br> vs. <br><br> BOARD OF EDUCATION OF THE FRANKLIN TOWNSHIP PUBLIC SCHOOLS; JOHN RAVALLY; NICHOLAS SOLOMON; ROD BRUNDIGE; ORVYL WILSON; ANTHONY HOLLEY; MAKAI HOWARD, <br><br> Defendants. | Civil Action No. 24-10894 (RK)(JBD) <br><br> **AMENDED PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on October 22, 2025, and the parties having reviewed the Court's Civil Case Management Order as well as the Local Civil Rules and Local Patent Rules, and for good cause shown,

**IT IS on this 12th day of November 2025,**

**ORDERED** that this matter will proceed as follows:

I. DISCOVERY and PRETRIAL SCHEDULING

A. Fact discovery is to remain open through **May 31, 2026**. All fact witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

B. As Plaintiffs and Defendants Board of Education of the Franklin Township Public Schools, John Ravally, Nicholas Solomon, Rod Brundidge (incorrectly pled as Rod Brundige) and Orvyl Wilson previously exchanged discovery demands, all outstanding responses to either Party's discovery demands shall be produced by

  **November 17, 2025,** including Plaintiffs' execution to authorizations requested by Defendants.

C. All Parties shall exchange disclosures pursuant to Rule 26(a) no later than **November 17, 2025**, if not already done.

D. Any discovery demands to or from Defendants Anthony Holley and Maki Howard shall be served by **November 21, 2025.** Responses to said discovery demands shall be produced within **thirty (30) days**.

E. Document production shall be substantially complete by **January 16, 2025**.

F. Depositions of fact witnesses shall be completed by **March 2, 2026**.

G. Counsel shall confer in good faith in an attempt to resolve any discovery or case management disputes before raising them with the Court. Any such dispute shall be brought to the Court's attention pursuant to paragraph 5 of the Court's Civil Case Management Order, available at ([https://www.njd.uscourts.gov/content/j-brendan-day](https://www.njd.uscourts.gov/content/j-brendan-day)). No discovery motion will be entertained absent leave of Court and counsels' full compliance with L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)

  Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **April 1, 2026. The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date.** If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition. **Failure to contact the Undersigned to intervene in a deposition dispute, before adjourning or completing the deposition, will constitute waiver of the right to seek relief for that deposition dispute.**

II. EXPERTS

A. Plaintiffs' expert report is due **July 30, 2026** (60 days after the close of fact discovery).

B. Defendant's expert report is due **September 28, 2026** (60 days after Plaintiffs' expert reports are served).

C. Expert depositions shall be completed by **October 28, 2026** (30 days after rebuttal expert reports are served).

D. All expert reports must comport with the form and content requirements set forth in Rule 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

III. DISPOSITIVE MOTION PRACTICE

    A. Parties shall file any motions for summary judgment by **November 27, 2026** (30 days after expert testimony is completed).

IV. MISCELLANEOUS

    A. Any request for extension or modification of the foregoing deadlines shall be made in writing, filed on CM/ECF. Please also refer to the Court's Civil Case Management Order.

    B. The parties are directed to the Local Civil Rules for any other matter not addressed by this Order or the Court's Civil Case Management Order.

    C. A settlement conference will be conducted by the undersigned, at the Clarkson S. Fisher United States Courthouse, Trenton, New Jersey on a date to be determined. Counsel and parties with full authority to settle the case are to be present. Any failure in this regard shall result in the imposition of sanctions.

    D. No later than 5 business days in advance, each party shall submit to Chambers via email at jbd_orders@njd.uscourts.gov a confidential letter, on an ex parte basis, not to exceed five pages in total, summarizing the relevant facts, the respective legal positions, the status of the case, and the party's position of settlement, including any settlement discussions that have taken place in anticipation of the settlement conference.

    E. A date for the final pretrial conference will be set at a later date.

    F. Since all dates set forth herein are established with the assistance and knowledge of the Parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

    G. The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel.

    H. Failure to appear at subsequent conferences, or to comply with this Order or any subsequent order of the Court, may result in the imposition of sanction.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

The undersigned counsel hereby consent to the form and entry of the foregoing Order.

**THE LAW OFFICE OF AVRAM E. FRISCH, LLC**
Attorneys for Plaintiff

/s/ Avram E. Frisch               Dated:     11/6/2025
Avram E. Frisch, Esq.


**HILL WALLACK, LLP**
Attorneys for Defendants

/s/ Suzanne M. Marasco            Dated: 11/6/2025
Suzanne M. Marasco, Esq.

**WILENTZ, GOLDMAN & SPITZER, P.A.**
Attorneys for Defendant Maki Howard

/s/ Daren M. Gelber               Dated:     11/6/2025
Daren M. Gelber, Esq.


**JAY KANETKAR, ESQ.**
Attorney for Defendant Anthony Holley

/s/ Jay Kanetkar                  Dated: 11/6/2025
Jay Kanetkar, Esq.