HILL WALLACK LLP

21 Roszel Road, P.O. Box 5226
Princeton, NJ 08540-5226
main 609.924.0808
fax 609.452.1888

Writer's Direct Dial: (609) 734-6351
Email: smarasco@hillwallack.com

March 24, 2026

**VIA ECF**
Honorable J. Brendan Day, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 E. State St,
Trenton, New Jersey 08608

Re:    **James, v. Board of Education of the Franklin Township Public Schools, *et al.***
        **Civil Action No.: 3:24-10894 (SDW)(LDW)**

Dear Judge Day:

This office represents Defendants, Board of Education of the Franklin Township Public Schools, John Ravally, Nicholas Solomon, Rod Brundidge (incorrectly pled as Rod Brundige), and Orvyl Wilson (hereinafter collectively referred to as the "Franklin Defendants"), in the above-referenced matter. We are writing to seek permission to file a Motion to Compel Plaintiff S.C. to provide certified and full and complete answers to the Franklin Defendants' discovery demands.

As the Court is aware, this matter was brought by Plaintiff Errica James individually and on behalf of her minor daughter S.C. (*See* Compl., ECF#1). The Complaint alleges that S.C. suffered harassment, intimidation, and bullying and was raped in March 2024 in or around the Franklin Township High School. *Id.* at ¶ 5-13. The Complaint contains seven counts against eight parties: 1) Franklin Township Board of Education; 2) John Ravally, the Superintendent of Franklin Township School District; 3) Nicholas Solomon, the Principal of Franklin High School; 4) Rod Brundidge, the Vice Principal of Franklin High School; 5) Orvyl Wilson, the former Director of School Management and Student Advocacy for Franklin School District; 6) Anthony Holley, the alleged rapist; 7) Makai Howard, a fellow student who allegedly harassed and bullied S.C.; and 8) John and Jane Does. *Id.* at ¶ 65-114.

Four of the seven counts are against the Franklin Defendants: 1) violation of Title IX; 2) violation of the New Jersey Law Against Discrimination; 3) Negligence claims; and 4) a State Created Danger under 42 U.S.C. § 1983. (Compl. ¶ 65-102). The Complaint lists two counts against co-defendant Anthony Holley: 1) battery; and 2) a tort claim from Errica James. *Id.* at ¶ 103-110. Lastly, the Complaint lists a claim of Intentional Infliction of Emotional Distress against co-defendant Makai Howard. *Id.* at ¶ 111-114.

On March 17, 2025, the Franklin Defendants issued their first sets of discovery demands (Interrogatories and Notice to Produce) to both Errica James and S.C. This was done purposefully as the two Plaintiffs have different knowledge regarding the allegations made in the Complaint. S.C. obviously has first-hand knowledge regarding the alleged incidents of bullying, harassment and rape.

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 2

After many months of waiting, on September 16, 2025, Plaintiffs' counsel produced answers to interrogatories. In the email, Plaintiff's counsel stated, "The responses are by Ms. James, we do not think there is any value in S.C. also answering the identical questions." In response, the Franklin Defendants issued a request for more specific answers to interrogatories. While the request included the identification of issues with Errica James' answers to the Franklin Defendants' interrogatories, Defendants also took exception to the fact that S.C. had not supplied her own answers to the set of discovery demands served on her.

Since that time, this office has repeatedly attempted to resolve the issue of obtaining Plaintiff's discovery, but to no avail. This office has contacted Plaintiff's counsel numerous times since the issuance of the request for more specifics. Indeed, counsel for the Franklin Defendants brought the issue to the Court's attention during the February 17, 2026 case management conference. On a final attempt, this office issued a letter to Plaintiffs' counsel on March 10, 2026, which is attached hereto. The letter again objected to the fact that S.C. has not answered the Franklin Defendants' discovery demands and gave Plaintiffs' counsel until March 19, 2026 to rectify the situation. The letter indicated that in the event that this office did not hear back from Plaintiffs' counsel, we would request leave to file a Motion to Compel on March 20, 2026.

Out of professional courtesy and a desire to resolve the issue, this office called Plaintiffs' counsel again on March 23, 2026. During the call, Plaintiffs' counsel stated that he has had a difficult time reaching his clients and could not provide an answer to our repeated request for S.C.'s discovery. While the undersigned appreciates the circumstances or challenges of Plaintiffs' counsel's communications with his clients, the Franklin Defendants need S.C.'s discovery regarding her individual claims, version of events and personal knowledge of the evidence. As the Court is aware, Plaintiffs' deposition can only be for 7 hours but the matter involves multiple events, claims and people over an extended period of time. As such, Plaintiffs' depositions must be planned and organized to be completed in that time frame. Needless to say, having paper and written discovery from a plaintiff is essential for an effective deposition (in addition to the fact that these six defendants are entitled to such discovery).

There is simply no excuse for S.C. not to provide her own, certified answers to the Franklin Defendants' discovery demands. S.C. will turn eighteen (18) next month, and she is the party with first-hand knowledge regarding the vast majority of the claims in the Complaint. The allegations and discovery answers supplied are primarily from the perspective of Errica James and not the victim S.C. S.C.'s point-of-view in this matter is critical, while there is no factual or legal basis that supports the position that S.C. is not required to answer discovery requests.

In the mix of this, this Office has attempted to (re)schedule Plaintiffs' depositions. However, Plaintiffs' depositions have had to be adjourned due to, in part, S.C.'s refusal to answer the discovery demands. We understand that the court wants the parties to complete fact discovery, but we are at a standstill given this ongoing and unresolved discovery issue. As such, the undersigned requests leave to file a Motion to Compel S.C. to provide full and complete answers to the Franklin Defendants' discovery demands.

4899-2797-6346, v. 1

HILL WALLACK LLP
ATTORNEYS AT LAW

Page 3

        We thank the Court's attention to this matter.

                                        Respectfully submitted,
                                        **HILL WALLACK LLP**

                                        Eric A. Reid, Esq.

SMM:EAR/kj/yms
cc:     All Parties via Pacer
Encl.

4899-2797-6346, v. 1



**HILL WALLACK LLP**

21 Roszel Road, P.O. Box 5226
Princeton, NJ 08540-5226
main 609.924.0808
fax 609.452.1888

Direct Dial: (609) 734-6351
Email: smarasco@hillwallack.com

March 10, 2026

*via email: frischa@avifrischlaw.com*
Avram Frisch, Esq.
1 University Plaza
Suite 119
Hackensack, NJ 07601

> Re:    **James v. Franklin Township Board of Education,** *et als.*
>         **Docket No.: 3:24-cv-10894**

Dear Mr. Frisch:

We are writing in connection with outstanding discovery in the above-referenced matter.

As we have discussed numerous times, including at the February 17, 2026 case management conference, there are several discovery issues that need to be resolved.

First, plaintiff S.C. has still not answered her own interrogatories or responded to defendants' notice to produce. We have explained on numerous occasions that S.C. has first-hand knowledge for the entirety of the claims set forth in the Complaint. She needs to answer discovery. Even the Court stated that it had a hard time believing that S.C. could not supply her own certified answers. If we do not receive the same by March 19, a letter will be submitted to the court without further discussion. We need to depose your client in the very near future, and her discovery is needed to do that effectively. We cannot keep kicking this can down the road.

Ms. James also owes more specific discovery responses which were requested last fall. Repeated requests for both have been made without any resolution. If we do not receive all outstanding discovery by March 19, 2025, a follow up letter will be submitted to the court on March 20 which shall identify our final efforts to resolve these outstanding discovery issues to no avail and shall seek authority to file a motion. Please be guided accordingly.

Very truly yours,

Suzanne M. Marasco

SMM/smm
Cc: all counsel of record