

21 Roszel Road, P.O. Box 5226
Princeton, NJ 08540-5226
main 609.924.0808
fax 609.452.1888

Writer's Direct Dial: (609) 734-6351
Email: smarasco@hillwallack.com

April 6, 2026

**VIA ECF**
Honorable J. Brendan Day, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 E. State St,
Trenton, New Jersey 08608

> Re:  **James v. Board of Education of the Franklin Township Public Schools, _et al._**
> **Civil Action No.: 3:24-10894 (SDW)(LDW)**

Dear Judge Day:

This office represents Defendants, Board of Education of the Franklin Township Public Schools, John Ravally, Nicholas Solomon, Rod Brundidge (incorrectly pled as Rod Brundige), and Orvyl Wilson (hereinafter collectively referred to as the "Franklin Defendants"), in the above-referenced matter.

Presently before this Court is a request from the Franklin Defendants to allow a motion to compel Plaintiffs to fully answer Defendants' discovery demands. Notably, at the time of filing the letter, according to Plaintiff's counsel, S.C. could not answer the Franklin Defendants' discovery demands including interrogatories and notice to produce which were properly served. On March 31, 2026, we received answers to interrogatories purportedly from S.C. to the Franklin Defendants' discovery requests. Thereafter Plaintiffs' counsel filed a letter with the court indicating that the issue is moot since his client complied with her discovery obligations. Defendants adamantly disagree with this representation and relate that there are serious issues with S.C.'s purported discovery.

We emailed counsel to advise of our position and to indicate that we would be filing this letter with the court. Plaintiffs' counsel emailed back, "You can disagree but it is based on her responses to the identical questions that you asked both of them." Given the history of issues and debate over Defendants' entitlement to such discovery followed by the receipt of non-responsive and incomplete discovery responses, which were clearly and obviously a reiteration of Errica James' incomplete and non-responsible discovery, this issue cannot be resolved without motion practice.

First, it is clear that Errica James' answers to interrogatories were simply copied and pasted as S.C.'s interrogatory answers. The language is the same and many of the answers begin with "EJ states:". "EJ" is S.C.'s mother, Ericca James. S.C.'s answer to the interrogatory seeking a detailed version of events again states: **"Ms. James specifies[.]"** Again, this is a response from Ericca James who was not present for these events since she was not a student and has no firsthand

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 2

knowledge of the conduct and events with her daughter. It should also be noted that S.C. has not responded to the Franklin Defendants' notice to produce.

S.C.'s preprinted answers are not factual or substantive but are assertions/argument from S.C.'s mother's perspective. Indeed, Plaintiffs' counsel stated in the email transmitting the discovery that S.C.'s answers "are largely the same as Errica's responses, but are the responses of S.C."

Moreover, this method of providing certified answers to interrogatories is improper and violates Federal Rule of Civil Procedure 33(b)(1)(A) ("The interrogatories must be answered[] by the party to whom they are directed[.]"). Indeed, the purpose of separate discovery demands to different plaintiffs was to obtain S.C.'s independent version of events. Despite over one year of trying to move this case forward, we still have no facts or evidence which support S.C.'s claims against the district or her version of events and facts which give rise to a duty of care which she alleges to have been breached by Defendants.

As the Court is aware, Plaintiffs' Complaint alleges that S.C. suffered harassment, intimidation, and bullying and was raped in March 2024 in or around the Franklin Township High School. She alleges specific events involving specific students, which still remain unclear. Her interactions with the students, staff and defendants is also unknown. Indeed, Plaintiff recently consented to dismissing one of the co-defendants, confusing her claims even further.

Defendants have generalized allegations of a sexual assault without any context or details. These are serious allegations against defendants, yet we have no facts, evidence or information directly from the victim. It remains a mystery why S.C. is incapable of providing answers to interrogatories unless the request of her has not been made or she has no interest in pursuing this lawsuit. We simply do not know because meaningful discovery has not taken place.

Currently S.C.'s deposition is scheduled for April 22, 2026. This is the third time that it has been scheduled. With the inadequate discovery that has been produced, there is no realistic way that her deposition can be focused and completed in one day as required by the rule. With the inadequate discovery, the deposition of S. C. would be akin to a fishing expedition.

Additionally, Defense counsel is responsible for reporting facts and evidence to our clients respecting the claims in this case. Based upon the purported discovery produced, our ability to provide critical information and advice to our clients has been hampered. It is simply unfair that Defendants have not been provided with critical information and evidence from the alleged victim while subjected to a lawsuit involving serious allegations which impact their work and professional reputations.

Consequently, Defense counsel is working on *another* discovery deficiency letter to Plaintiffs' counsel outlining the obvious issues with the quality and deficient nature of the discovery produced to date. We can share the discovery deficiency letter to the court when completed along with the discovery which has been produced by Plaintiffs to verify the discovery

4907-9014-3390, v. 1

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 3

issues again being raised. Unfortunately, the deposition of S.C. and her mother must be adjourned once again based upon discovery not produced. It is clear that these discovery issues cannot be resolved without motion practice particularly given the time it has taken to get S.C.'s purported answers to interrogatories and Plaintiffs' counsel's flippant response to the serious discovery issues. As such, we would like to proceed with a motion to compel genuine and responsive discovery from Plaintiffs.

We thank Your Honor for consideration of our letter and the relief sought.

Respectfully submitted,

HILL WALLACK LLP

Suzanne Marasco

SMM:EAR/yms
cc:    All Parties via Pacer
Encl.

4907-9014-3390, v. 1